STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, RELA-
TOR, V. CHICAGO & NORTHWESTERN RAILWAY
COMPANY, RESPONDENT.

FILED MAY 14, 1924. No. 24133.

Original proceeding in mandamus to compel respondent to operate trains. *Writ allowed, and motion to vacate overruled.*

State, ex rel. Spillman, v. Chicago & N. W. R. Co.

*O. S. Spillman, Attorney General,* and *Hugh La Master,* for relator.

*Wymer Dressler, R. D. Neely* and *Paul S. Topping,* contra.

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, DAY, GOOD and THOMPSON, JJ.

PER CURIAM.

On May 8, 1924, the respondent notified the Nebraska state railway commission that on Sunday, May 11, it would cease daily train service between certain points in this state, and cease Sunday train service between other points within the state. This is an application for a peremptory writ of mandamus to compel respondent to run these trains because permission to discontinue the same had not been granted by the state railway commission. Permission to discontinue was necessary under a general order of the commission made April 8, 1908, which had been in force since April 20, 1908, of which the respondent had been duly notified and which had been complied with heretofore by respondent. The application was heard *ex parte* upon Saturday, May 10, and the peremptory writ allowed. On Monday, May 12, a motion was made to vacate the order for the reason that the writ was issued without notice; that it was improvidently issued, the facts stated in the application being untrue; that the order of April 8, 1908, is null and void and was made without jurisdiction, and is in violation of the Fourteenth amendment to the Constitution of the United States, and is an undue burden upon interstate commerce. Evidence was submitted and considered. The court being of the opinion that the only question before it was with respect to the jurisdiction of the state railway commission to make the order of April 8, 1908, and being of the opinion that the railway commission possessed jurisdiction to make such order under the Constitution and statutes of the state, and that respondent must obtain the permission of the railway commission in order to discontinue the ser-

vice, the order was modified, and the motion to vacate the peremptory order overruled.

MOTION OVERRULED.

Note—See Railroads, 33 Cyc. p. 657.